IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY F. BRADY, | ) |
|       Petitioner | ) ) ) |
| vs. | )   Case No. CIV-04-1672-L ) |
| DAVID MILLER, | ) ) |
|       Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, originally filed this action in the United States District Court for the Northern District of Oklahoma, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review of the petition, United States District Judge James H. Payne found that Petitioner was actually challenging the administration of his sentences by the Oklahoma Department of Corrections, rather than the fact of his convictions. Brady v. Miller, Case No. CIV-04-894-P (N.D. Okla. Dec. 7, 2004). Accordingly, Judge Payne found that 28 U.S.C. § 2241 provided the authority for Petitioner's claims, rather than § 2254. Id. Judge Payne further found that a § 2241 petition is properly filed in the district in which Petitioner is confined and that since Petitioner is confined in the Western District of Oklahoma, he ordered the case transferred to this Court. Id.

Upon transfer to this Court, United States District Judge Tim Leonard referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28

U.S.C. § 636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases[1] and 28 U.S.C. § 2243, the petition has been promptly examined.[2] For the reasons stated herein, it is recommended that the petition be dismissed upon filing.

In order to understand the nature of Petitioner's claims, a short discussion of the procedural history of his underlying convictions seems helpful.

On August 3, 1998, Petitioner pled guilty in the District Court of McIntosh County, Case No. CF-1998-88, to assault with a dangerous weapon and larceny of an automobile. Petition, p. 1-2. Petitioner was sentenced pursuant to the terms of a plea agreement to ten years imprisonment on each count, to run concurrently with each other and consecutively to a sentence the Petitioner was serving in Wyoming case, DOC# 21-35. Petition, p. 2. Petitioner was returned to Wyoming to complete his sentence in DOC# 21-35. He discharged that sentence on February 3, 2002, but due to sentences in unrelated Wyoming cases, DOC# 25-346 and DOC# 25-347, he remained in Wyoming prison and was not returned to Oklahoma to begin serving his sentences here until September 5, 2003.[3]

---

[1] Rule 1(b) of the Rules Governing 2254 Cases in the United States District Courts provides that the Rules may be applied to other habeas petitions in the Court's discretion.

[2] Pursuant to 28 U.S.C. § 2243, when presented with an application pursuant to 28 U.S.C. § 2241, the court should award the writ or order a response, "unless it appears from the application that the applicant . . .is not entitled thereto." The Tenth Circuit Court of Appeals has interpreted this provision to permit dismissal of a habeas petition when the court can determine from the application that the individual is not entitled to habeas relief. Thompson v. True, No. 97-3275, 1998 WL 536383, * 1 (10th Cir. Aug. 18, 1998)(this and any other unpublished decisions cited for their persuasive value in accordance with Tenth Circuit Rule 36.3). Accordingly, the undersigned need not order a response to the instant petition before considering the merits of Petitioner's claims.

[3] Wyoming DOC# 25-346 and DOC# 25-347 were not referenced in Petitioner's plea agreement in Case No. CF-1998-88. Exhibit C to the Brief in Support of Petitioner's Application for Post-Conviction Relief, filed in Brady v. State, PC-2004-879, Oklahoma Court of Criminal Appeals, indicates that those sentences
(continued...)

Petitioner claims that his plea agreement in McIntosh County Case No. CF-1998-88 has been breached because the Oklahoma Department of Corrections (DOC) did not begin his sentences on February 3, 2002, as soon as he completed his sentence in Wyoming case DOC# 21-35.  He notes that he was prevented from arriving into physical custody of the DOC until September 5, 2003 due to the sentences he incurred in Wyoming cases DOC# 25-346 and DOC# 25-347. His contention is that his plea agreement was breached because his sentences in Case No. CF-1998-88 were ordered to run consecutive to his sentence in Wyoming case DOC# 21-35, and that the DOC did not start crediting him on his Oklahoma sentences until September 5, 2003 when he was physically received here in custody.  Basically, he is asking that his sentences in Case No. CF-1998-88 be run concurrently with his sentences in Wyoming cases DOC# 25-346 and DOC# 25-347 and that he be given credit for time he served in Wyoming from February 3, 2002 until September 5, 2003.

Petitioner filed an application for post-conviction relief in the District Court of McIntosh County, raising the issue currently before the Court.  Case No. CF-1998-88, District Court of McIntosh County.  That court denied the application on August 4, 2004, and the Oklahoma Court of Criminal Appeals affirmed the denial of relief on October 11, 2004. Brady v. Oklahoma, PC-2004-879 (Okla. Crim. App. Oct. 11, 2004).  In the Order Affirming Denial of Application for Post-Conviction Relief, the Oklahoma Court of Criminal Appeals first noted that Petitioner's claims were waived, as they could have

---

[3](...continued)
were imposed on April 7, 1999, after his return to Wyoming for completion of his sentence in Wyoming DOC# 21-35.

been raised prior to entry of his guilty plea, or in direct appeal proceedings. Brady v. Oklahoma, PC-2004-879, Order Affirming Denial of Application for Post-Conviction Relief, p. 2, (Okla. Crim. App. Oct. 11, 2004). The Oklahoma Court of Criminal Appeals further held that Petitioner failed to establish that his plea agreement included a provision permitting his sentences in Case No. CF-1998-88 to run concurrently with his sentences in Wyoming cases DOC# 25-346 and DOC# 25-347, and that absent such language, his sentences in Case No. CF-1998-88 must run consecutive to those sentences. Id. at 3. Therefore, the Oklahoma Court of Criminal Appeals concluded Petitioner failed to establish that the State had breached the plea agreement. Id.

Because this claim was adjudicated on the merits in state court, to obtain federal habeas relief Petitioner must establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Additionally, this Court is required to presume state court factual findings to be correct, and Petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See Henderson v. Scott, 260 F.3d 1213, 1214 (10th Cir. 2001) (construing state prisoner's claim challenging execution of sentence as arising under § 2241 and stating "we still accord deference to the [Oklahoma Court of Criminal Appeals'] determination of the federal constitutional issue") (citing 28 U.S.C. § 2254 (e)(1))(further citations omitted).

A claim brought by a state prisoner alleging that the State breached the terms of a plea agreement would normally be brought pursuant to 28 U.S.C. § 2254 as an attack upon the conviction itself. However, Petitioner makes it clear that he is not challenging the validity of his Oklahoma convictions or sentences, but rather the execution of those sentences. As such, the undersigned agrees that Petitioner's claim is properly brought pursuant to 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). See also Meagher v. Dugger, 737 F. Supp. 641, 644 (S.D. Fla. 1990), affirmed in part, 943 F.2d 1277 (11th Cir. 1991) (petition properly brought pursuant to 28 U.S.C. § 2241 in which petitioner claimed a breach of a plea agreement on the execution of his sentence); Peak v. Petrovsky, 734 F.2d 402, 405 n. 6 (8th Cir. 1984) (because federal petitioner's contention was essentially an attack on the manner of execution of his sentence in violation of a plea agreement, his claim was properly brought under § 2241); Cohen v. United States, 593 F.2d 766, 770 (6th Cir. 1979) (federal petitioner's claim regarding government's alleged failure to live up to the terms of a plea agreement regarding information to be conveyed to parole authorities properly brought under § 2241 as an attack upon the execution of the sentence and not pursuant to § 2255 as an attack on the sentence itself).

> "[A]pplicable Supreme Court precedent clearly holds the government accountable with regard to any promises made to induce a defendant to plead guilty." United States v. Cooper, 70 F.3d 563, 565 (10th Cir.1995). In Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Court held that when a defendant pleads to a charge in reliance on a promise or agreement by the prosecutor, that promise must be fulfilled or the defendant may withdraw his plea. Similarly, in Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court held that a "plea of guilty entered by one fully aware of the direct

> consequences ... must stand unless induced by ... misrepresentation (including unfulfilled or unfulfillable promises") (internal quotations omitted).

Watson v. Wyoming, Nos. 02-8005, 02-8008, 2003 WL 22941756, **4 (10th Cir. Dec. 15, 2003).  In determining whether the government has violated the terms of a plea agreement, the Court must examine the nature of the promises made by the prosecution, United States v Pogue, 865 F.2d 226, 227 (10th Cir. 1989), based upon what the defendant reasonably understood when the guilty plea was entered.  United States v. Robertson, 45 F.3d 1423, 1442 (10th Cir. 1995).

In affirming the denial of post-conviction relief, the Oklahoma Court of Criminal Appeals determined that Petitioner's plea agreement did not contain a promise to run his sentences in Case No. CF-1998-88 concurrent with his sentences in Wyoming cases DOC# 25-346 and DOC# 25-347.

> Petitioner has not established that his plea agreement in Case No. CF-1998-88 ever included a provision that his sentences be allowed to be served concurrently with his sentences in Wyoming cases DOC # 25-346 and DOC # 25-347.  Therefore, he has not established that the plea agreement has been breached in any way.

Brady, PC-2004-879, Order Affirming Denial of Application for Post Conviction Relief, p. 3-4 (Okla. Crim. App. Oct. 11, 2004).  Nevertheless, Petitioner in effect, argues that the plea agreement has been breached by the failure of the Department of Corrections to run his sentences in Case No. CF-1998-88 concurrent with Wyoming cases DOC# 25-346 and DOC# 25-347.

Review of the plea proceedings in the District Court of McIntosh County reveals no mention by the State or Petitioner of the charges against him in Wyoming cases DOC#

25-346 or DOC# 25-347 at the time of his plea and sentencing in Case No. CF-1998-88.[4] Brady v. Oklahoma, PC-2004-879, Exhibit A to Petitioner's Application for Post-Conviction Relief.  Petitioner is arguing that he was denied the benefit of the bargain of his plea agreement because his sentences in Case No. CF-1998-88 were not run immediately consecutive to the termination of his sentence Wyoming case DOC# 21-35.  This argument is the result of an unreasonable interpretation by Petitioner of the terms of his plea agreement.  First, as Petitioner admits, his plea agreement did not include the favorable term of his Oklahoma sentences running concurrent with his then-existing Wyoming sentence in DOC# 21-35.  Secondly, the sentences imposed in Wyoming cases DOC# 25-346 and DOC# 25-347 had not been imposed at the time of the plea agreement in McIntosh County.  Accordingly, neither the parties to the agreement nor the judge could have intended that the sentences in Case No. CF-1998-88 run concurrent with the later-imposed Wyoming sentences.[5]  From these facts, Petitioner's alleged belief that his sentences in Case No. CF-1998-88 would run immediately consecutive to his sentence in Wyoming DOC# 21-35 would not be reasonable, and it was not a part of the plea agreement.  The delay in the service of Petitioner's Oklahoma sentences was occasioned by his own acts and he must bear the consequences.

---

[4] Additionally, when Petitioner filed a Motion for Clarification of Sentence on April 1, 2003 in the District Court of McIntosh County, he did not indicate therein that he had completed his sentence in Wyoming DOC# 21-35 but nevertheless remained incarcerated on other charges and thus had not been returned to Oklahoma.

[5] If Petitioner was aware of pending charges in Wyoming in DOC# 25-346 and DOC# 25-347 at the time of his plea agreement in Case No. CF-1998-88, he failed to inform the District Court of McIntosh County of the charges, and cannot be permitted to profit from his silence.

> [A] state government may voluntarily surrender its prisoner to [another] without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having custody. If the prisoner has violated the laws of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him.

Hayward v. Looney, 246 F.2d 56, 57 (10th Cir.1957) (footnotes omitted).[6] Petitioner was sentenced in accordance with Oklahoma law to a period of incarceration to run consecutively with one previously imposed in another jurisdiction. Although Oklahoma law permits a judge to run an Oklahoma sentence concurrent with sentences in other jurisdictions, Okla. Stat. tit. 21 § 61.2, absent specification in a judgment and sentence that a sentence is to run concurrently with another, the Oklahoma Department of Corrections must run the sentences consecutively. Okla. Stat. tit. 21 § 61.1. The judgment in Case No. CF-1998-88 did not specify that the sentences were to run concurrently with Wyoming DOC# 25-346 and Wyoming DOC# 25-347, and the Oklahoma Department of Corrections is required to run the sentences consecutive to Petitioner's completion of his Wyoming sentences and to begin crediting his Oklahoma sentences upon his return to the State. See Okla. Stat. tit. 21 § 61.5 ("[A]fter a defendant has been transferred to another jurisdiction pursuant to the provisions of this act, if any sentence remains to be served in the State of Oklahoma, such defendant shall be returned

---

[6] Ordinarily the decision on whether to run sentences concurrently or consecutively would involve the interpretation of state law, and issues of state law do not provide a basis for habeas corpus relief. See Handley v. Page, 279 F.Supp. 878, 879 (W.D.Okla.), aff'd, 398 F.2d 351 (10th Cir. 1968). However, the allegation that the State has breached the plea agreement provides a basis for consideration of the constitutionality of the execution of Petitioner's sentence under 28 U.S.C. § 2241.

by the sentencing court to the State of Oklahoma to complete his sentence.") (footnote omitted). That the sentences in Case No. CF-1998-88 did not run immediately consecutive to the expiration of Petitioner's sentence in Wyoming DOC# 21-35 did not violate the terms of his plea agreement, and thus, Petitioner is not entitled to habeas corpus relief.[7]

### RECOMMENDATION

Based on the foregoing findings, it is recommended that the petition be dismissed upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before February 9, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

---

[7] The undersigned notes that Petitioner's claim could be construed as alleging that his plea was not knowing and voluntary, and therefore should be subject to withdrawal. Such a claim would challenge the validity of Petitioner's convictions, and would be subject to review under 28 U.S.C. § 2254. Petitioner, however, does not allege that his plea should be withdrawn, but only that his sentences should be executed in accordance with his interpretation of the plea agreement. Furthermore, construing the Petition as one under 28 U.S.C. § 2254 could have serious consequences to Petitioner, as it would preclude a subsequent petition without the approval of the Tenth Circuit, and would raise issues of exhaustion, as he did not challenge the validity of his plea in his state post-conviction proceedings. See 28 U.S.C. § 2244 (successive petitions) and 28 U.S.C. § 2254(b)(1) (exhaustion required before filing 28 U.S.C. § 2254).

Petitioner and to the Attorney General of the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

**ENTERED this 20th day of January, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE